## FOREIGN & DOMESTIC TRANSP. CORPORATION v. CURTIS.

(Circuit Court of Appeals, Third Circuit. January 13, 1921.)

No. 2569.

Appeal and error ⬤⟹215(1)—Instruction authorizing verdict of no cause of action, instead of nominal damages, held not reversible, in absence of objection.

In an action against the seller of a ship for the cost of repairs necessary to make the ship conform to the warranty of seaworthiness, where the evidence showed that some of the repairs were necessary for that purpose, but that other repairs were in the nature of improvements, and furnished no basis for determining the proportion of the necessary repairs, or their cost, an instruction, not objected to at the trial, that if the evidence did not enable the jury to calculate the cost of the necessary repairs with reasonable certainty, the verdict should be no cause of action, does not require reversal, although plaintiff was entitled at least to nominal damages.

In Error to the District Court of the United States for the District of New Jersey; J. Warren Davis, Judge.

Action by the Foreign & Domestic Transportation Corporation against Asher Curtis. Judgment for defendant, and plaintiff brings error. Affirmed.

John M. Enright and McDermott & Enright, all of Jersey City, N. J., for plaintiff in error.

David A. Newton, of Jersey City, N. J., and George S. Hobart, of Newark, N. J., for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and BODINE, District Judge.

BODINE, District Judge. Asher Curtis, the owner of a seven undivided sixty-fourths interest in the schooner Benjamin A. Van Brunt, for himself and others, on April 24, 1916, entered into a contract for the sale of the vessel. The contract contained a clause that the vessel was guaranteed sound and seaworthy. Mr. Curtis, having acquired the interest of the other owners in the meantime, delivered a bill of sale, without warranty, for the vessel, and she was accepted by the plaintiff corporation, which subsequent to the acceptance of her had certain repairs made, part of which were claimed to be necessary in order to render her sound and seaworthy.

The plaintiff brought this action for breach of the warranty contained in the contract for sale, seeking as damages the cost of such repairs. The jury having determined in favor of the defendant, there is no need to pass upon the propriety of the maintenance of the plaintiff's action, but by reason thereof no inference is to be drawn that the previous warranty was not merged in the bill of sale without warranty and the acceptance of the vessel by the plaintiff after inspection. During the course of the trial, it developed that the plaintiff's proof of damages showed that some of the expenses were incurred for improvements and betterments in the vessel and others for making her sound and seaworthy. There was no attempt made at segregating the expenses, nor were any witnesses called who could furnish the jury with any idea as to what part of the expenses were incident to making the vessel sound and seaworthy and what part were for betterments and improvements upon her.

The question of damages was submitted to the jury by the trial judge in the following language:

"If you should find that part of the work was necessary to make her sound and put her in a seaworthy condition, and the other part which was done by the plaintiff was not necessary, and you cannot separate them from the evidence which has been presented, so that you can calculate with reasonable certainty the cost of that which was necessary, then you would not be allowed to guess and estimate it upon some basis not presented to you here in the testimony; and in that event your verdict would be *'no cause of action,'* because you could not reach a conclusion as to what was necessarily required to make her sound and put her in a seaworthy condition."

The charge, in substance, correctly states the rule of damages in contract actions, except in the use of the words "no cause of action," which we have italicized. Error was assigned, in that the trial judge should have substituted "nominal damages" for the words "no cause of action." This inadvertence of the trial judge, if error, was not called to his attention. Had it been called to his attention, it no doubt would have been corrected, for it is obvious that the party who has proved a cause of action is entitled to at least nominal damages. The substitution, however, of such language in the charge, would have made no substantial difference in the findings of the jury, for the only difference which the use of the words "nominal damages" would have made would have been the carrying of a certain amount of costs.

No other error appearing in the record, and this now alleged error not having been brought to the attention of the trial judge, the judgment is affirmed, with costs.